## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                          Case No. 06-Cr-005

SAMUEL L. THURMAN,
WILLIAM D. NORTH,
JIMMIE L. PERKINS and
CLIFTON J. MOBBS,

    Defendants.

## DECISION AND ORDER
## RE: DEFENDANT NORTH'S MOTION TO SEVER

### NATURE OF THE CASE

    On January 10, 2006, a federal grand jury sitting in this district returned a three-count indictment against defendants Samuel L. Thurman, William D. North, Jimmie L. Perkins and Clifton J. Mobbs. Count One of the indictment charged William D. North and Jimmie L. Perkins with being convicted felons in possession of five firearms which, prior to their possession of them, had been transported in interstate commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count Two charges Samuel L. Thurman with being a convicted felon in possession of three firearms and Count Three charges Clifton J. Mobbs with being a convicted felon in possession of a firearm, all in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

    On January 18, 2006, defendant North appeared before this court for arraignment, entering a plea of not guilty. Pursuant to the pretrial scheduling order issued at that time,

defendant North has filed a motion to sever defendants. (Docket #24). This motion will be addressed herein.

## **MOTION FOR SEVERANCE**

On February 20, 2006, defendant William D. North (hereinafter defendant) moved the court for an order, pursuant to Fed. R. Crim. P. 14 and the 5th, 6th, 8th and 14th Amendments to the United States Constitution, granting him a severance and separate trial from his co-defendants. As grounds for his motion, the defendant asserts that he will be substantially prejudiced by joinder with his co-defendants because his co-defendants have made statements or confessions which implicate and incriminate him.

In opposing the motion, the government asserts that severance is unnecessary because if the co-defendants proceed to trial, the government will redact those portions of the co-defendants' statements which implicate the defendant in order to avoid any Bruton[1] issues. The government will also request that a limiting instruction be given to the members of the jury instructing them to limit their consideration of the evidence to the declarant of the statement. In a supplemental letter to the court, the government advised that defendant Mobbs has made an additional statement which exculpates the defendant. The government states that, therefore, it will not be using defendant Mobbs' initial statement inculpating the defendant.

## **ANALYSIS**

It is well-settled that when defendants have been properly joined under Rule 8(b), the court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from

---

[1] Bruton v. United States, 391 U.S. 123, 137 (1968).

making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). A defendant must show that denial of severance caused him actual prejudice that deprived him of his right to a fair trial. United States v. Rollins, 301 F.3d 511, 518 (7th Cir. 2002) (citations omitted). Defendants are not entitled to severance merely because they have a better chance of acquittal in separate trials. Id. Furthermore, there is a strong preference for a single trial with co-defendants who have been jointly indicted. United States v. Souffront, 338 F.3d 809, 828 (7th Cir. 2003).

Nonetheless, the admission of a co-defendant's confession inculpating the defendant at a joint trial where the co-defendant does not testify, and therefore cannot be cross-examined, violates a defendant's Sixth Amendment right to confrontation. Bruton v. United States, 391 U.S. 123, 127-28 (1968). However, in Richardson v. Marsh, 481 U.S. 200, 211 n.5 (1987), the Court held that the confrontation clause is not violated when a co-defendant's confession is redacted to omit any references to the defendant and the court gives a proper limiting instruction. The court of appeals for this circuit has specifically held that "the replacement of defendants' names with references such as 'another person,' combined with an instruction to consider the confession only against the declarant satisfies Bruton." United States v. Gio, 7 F.3d 1279, 1287 (7th Cir. 1993) (quoting United States v. Strickland, 935 F. 2d 822, 866 [7th Cir.] cert. denied 502 U.S. 917 [1991]).

In this case, the government acknowledges that the co-defendants gave statements inculpating the defendant, although defendant Mobbs later gave another statement exculpating the defendant. The government states that at this juncture it is not known whether any of the defendants will proceed to trial or will testify at trial. Regardless, the redaction of a co-defendant's statement to exclude any reference inculpating defendant North is an appropriate

- 3 -

way to resolve any potential Bruton problem. See Richardson, 481 U.S. 211, n.5. In addition, the court can give the jury a proper limiting instruction about its consideration of such evidence. Therefore, severance would not be necessary.

In light of the foregoing, this court concludes that severance of the defendant's trial from that of his co-defendants is not warranted. Accordingly, the defendant's motion to sever defendants will be denied. (Docket #24).

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that defendant William D. North's motion to sever defendants be and hereby is **denied**. (Docket #24).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 13th day of March, 2006.

BY THE COURT:

    s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge